IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STAR INSURANCE COMPANY, a Michigan Corporation, WILLIAMSBURG NATIONAL INSURANCE COMPANY, a California corporation, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., a Bermuda corporation<br><br>Plaintiffs,<br><br>v.<br><br>RISK MARKETING GROUP, INC., an Illinois corporation, and CEBCOR SERVICE CORPORATION, an Illinois corporation<br><br>Defendants. | Case No.: 06 C 1364<br><br>Judge Bucklo<br><br>Magistrate Judge Nolan |

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Plaintiffs, Star Insurance Company, Williamsburg National Insurance Company, and American Indemnity Insurance Company Ltd., move this Court for an order extending the time to conduct the citations to discover assets issued to Risk Marketing Group, Inc. ("RMG"), and Cebcor Service Corporation ("Cebcor"), and in support thereof state as follows:

1. On February 8, 2006, the United States District Court for the Eastern District of Michigan, Southern Division, Honorable Bernard A. Friedman, entered judgment in favor of plaintiffs and against defendants in the amount of $2,436,290.

2. On March 13, 2006, plaintiffs registered the judgment with the Clerk of the District Court of the Northern District of Illinois, pursuant to 28 U.S.C. 1963. A copy of the registered judgment is attached hereto as **Exhibit A**. Plaintiffs thereafter instituted supplementary proceedings to enforce the judgment.

3.  On March 26, 2006, RMG was personally served, via its registered agent Phillip Arazny, with a citation to discovery assets pursuant to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. The citation required RMG to be present at the offices of plaintiffs' attorney on April 4, 2006, for examination under oath to discover assets or income of RMG not exempt from enforcement of the judgment, and to produce certain categories of documents prior to the examination. A copy of the citation to discover assets directed to RMG, notice of citation and affidavit of service on RMG are attached hereto as **Exhibit B**.

4.  On March 29, 2006, Cebcor was personally served via its authorized agent and Chief Financial Officer Peter Scherer, with a citation to discover assets pursuant to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. The citation required Cebcor to be present at the offices of plaintiffs' attorney on April 4, 2006, for examination under oath to discover assets or income of Cebcor not exempt from enforcement of the judgment, and to produce certain categories of documents prior to the examination. A copy of the citation to discover assets directed to Cebcor, a copy of the notice of citation and affidavit of service on Cebcor are attached hereto as **Exhibit C**.

5.  Plaintiffs' counsel and defendants subsequently agreed to reset the citation hearings for Cebcor for April 18, 2006, and for RMG for April 19, 2006. Defendants also agreed to produce the documents requested in the citations by April 14, 2006.

6.  On April 18, 2006, Cebcor failed to appear for its citation hearing, and none of the requested documents were produced.

7.  On April 19, 2006, RMG failed to appear for its citation hearing, and none of the requested documents were produced.

8.      Due to the failure of Cebcor and RMG to appear for their respective citation hearings, on April 27, 2006, plaintiffs brought a motion for rule to show cause why the defendants should not be held in contempt. At this hearing, Mr. Charles Stevenson, the president of Cebcor and one of the shareholders of RMG, appeared on behalf of the defendants. This was the first appearance of the defendants pursuant to the citations. Mr. Stevenson informed the court that he would make all requested documents available, and agreed to appear for the citation hearing. This court continued the motion for rule to show cause to May 25, 2006. A copy of this order is attached hereto as **Exhibit D**.

9.      However, despite Mr. Stevenson's representations to the Court, as of May 17, 2006, Cebcor and RMG had still failed to produce many of the documents requested in the citations. The only documents that were produced were bank statements and canceled checks for the years 2000, 2001, and 2004. Defendants' failure to comply with the citation again forced the postponement of the citation hearings, which had been rescheduled to May 18, 2006.

10.     On May 25, 2006, defendants failed to appear for the status hearing, and this Court granted plaintiffs' motion for rule to show cause. Defendants were required to produce all outstanding documents by June 1, 2006. A copy of this order is attached hereto as **Exhibit E**.

11.     Subsequent to this order, Cebcor produced ten boxes of documents containing the accounts payable records for Cebcor for the years 2000 through 2004. However, numerous other documents were still not produced, including Cebcor's bank records for 2002, 2003, 2005 and 2006, Cebcor's tax returns for 2000 through 2005, financial records for 2000 through 2006, accounts receivable records, and corporate books and minutes.

12. The citation hearings for Cebcor and RMG were held on June 6, 2006. At the citation hearing plaintiffs' counsel again reiterated his demand for all outstanding documents in response to the citations to discover assets.

13. Plaintiffs' subsequently took the deposition of Phillip Arazny, controller for Cebcor and RMG, on August 30, 2006. Plaintiffs' counsel again demanded that the outstanding documents be produced in response to the citations to discover assets.

14. On September 7, 2006, plaintiffs took the deposition of Peter Scherer, the Chief Financial Officer of Cebcor and certain other affiliated companies. Plaintiffs' counsel once again demanded that Cebcor and RMG produce all outstanding documents in response to the citations to discover assets. Mr. Scherer agreed to consult with Mr. Arazny and produce the requested documents.

15. To date, none of the remaining outstanding documents have been produced, despite plaintiffs' repeated requests.

16. Illinois Supreme Court Rule 277(f) provides that a citation to discover assets terminates automatically six (6) months from the date of the citation respondent's first personal appearance pursuant to the citation, or pursuant to subsequent process issued to enforce the citation, whichever is sooner. A court may grant extensions beyond the six (6) months, as justice may require. In the present case, defendants' first personal appearance occurred when Mr. Charles Stevenson appeared at plaintiffs' motion for rule to show cause on April 27, 2006. Thus, the current citations are set to terminate on October 27, 2006

17. Despite repeated requests to Cebcor and RMG, plaintiffs are still missing many of the financial records of Cebcor and RMG that are necessary to determine the existence of any and all assets that the defendants may possess that could be used to satisfy the judgment.

Without these documents, especially financial records for 2005 and 2006, a complete analysis of the defendants' financial condition, and their ability to satisfy the substantial judgment against them in this case, cannot be completed.

18.    Plaintiffs have proceeded diligently in conducting the citations to discover assets against Cebcor and RMG.  This motion is not brought for purposes of harassment, but to enable plaintiffs to enforce their rights to collect on the judgment awarded them.  Defendants will not be prejudiced or harmed in any way by allowing plaintiffs an additional six months to complete the citations to discover assets.  However, plaintiffs will suffer prejudice due to defendants' refusal to provide the required financial documents within the initial six month time frame.  Therefore, in the interests of justice, plaintiffs request that this Court enter an order extending the citations to discover assets to Cebcor and RMG for an additional six months, to April 27, 2006.

WHEREFORE, based on the foregoing, Plaintiffs request that this Court enter an order extending the citations to discover assets directed to Cebcor Service Corporation and Risk Marketing Group for an additional six months, to and including April 27, 2007, and for any further and appropriate relief this Court deems necessary.

**Dated:  October 17, 2006**                          Respectfully submitted,


                                                      /s/John P. McCorry
                                                      One of Plaintiffs' Attorneys

John P. McCorry (#6280573)
McVey & Parsky, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
312-551-2130

\\CHSRV01\Users\jpm\10715 Star Insurance\Motion to Extend Citations Against Cebcor and RMG.doc