IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STAR INSURANCE COMPANY, a Michigan Corporation, WILLIAMSBURG NATIONAL INSURANCE COMPANY, a California corporation, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., a Bermuda corporation | )<br>)<br>)<br>)<br>)<br>) | Case No.: 06 C 1364<br><br>Judge Bucklo |
| Plaintiffs, | ) | Magistrate Judge Nolan |
| v. | )<br>)<br>) | |
| RISK MARKETING GROUP, INC., an Illinois corporation, and CEBCOR SERVICE CORPORATION, an Illinois corporation | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR JUDICIAL DISSOLUTION OF
RISK MARKETING GROUP AND CEBCOR SERVICE CORPORATION**

NOW COME Plaintiffs, Star Insurance Company, Williamsburg National Insurance Company, and American Indemnity Insurance Company Ltd., and pursuant to Federal Rules of Civil Procedure 7(b) and 69(a) and Sections 5/12.50(a)(2) and 5/12.60 of the Illinois Business Corporation Act (805 ILCS 5/12.50(a)(2) and 805 ILCS 5/12.60) hereby move this Honorable Court for an order for judicial dissolution of defendants/debtors Risk Marketing Group, Inc. ("RMG"), and Cebcor Service Corporation ("Cebcor") due to their failure to satisfy a judgment entered against them and in favor of plaintiffs, and in support thereof state as follows:

1.      On February 8, 2006, the United States District Court for the Eastern District of Michigan, Southern Division, Honorable Bernard A. Friedman, entered judgment in favor of plaintiffs and against defendants in the amount of $2,436,290, plus interest.  **Exhibit A**.

2.      On March 13, 2006, plaintiffs registered the judgment with the Clerk of the District Court of the Northern District of Illinois, pursuant to 28 U.S.C. 1963. **Exhibit B**. Plaintiffs thereafter instituted supplementary proceedings to enforce the judgment.

3.      On March 26, 2006, RMG was personally served with a citation to discover assets pursuant to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. **Exhibit C**.

4.      On March 29, 2006, Cebcor was personally served with a citation to discover assets pursuant to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277. **Exhibit D**.

5.      To date, Cebcor and RMG have failed to satisfy the judgment entered against them and in favor of plaintiffs. Rather, Cebcor and RMG have taken the position that they are insolvent and have been for some time, and thus are unable to pay the judgment. **Exhibit E**, at 90-91. See also **Exhibit F**.

6.      Plaintiffs now move this Court for an order for judicial dissolution of Cebcor and RMG under the Illinois Business Corporation Act because Cebcor and RMG have admitted in writing the plaintiffs' claim is due and owing and that Cebcor and RMG are insolvent.

## ARGUMENT

7.      Under Section 12.50(a)(2) of the Illinois Business Corporation Act, a court may dissolve a corporation in an action by a creditor if it is established that (i) the creditor's claim has been reduced to judgment, a copy of the judgment has been returned unsatisfied, and the corporation is insolvent; or (ii) the corporation has admitted in writing that the creditor's claim is due and owing, and the corporation is insolvent. 805 ILCS 5/12.50(a)(2).

8.      Plaintiffs are creditors of RMG and Cebcor due to the entry of the judgment on February 8, 2006. **Exhibit A**.

9.     Both of the circumstances in Section 12.50(a)(2) allowing for judicial dissolution by a creditor are present in this case.

10.    Subsection (ii) has been satisfied because Cebcor and RMG have admitted in writing that plaintiffs' claim is due and owing and that the corporations are insolvent.  On April 12, 2006, Mr. Charles Stevenson, the president of Cebcor, wrote to plaintiff's attorney stating his intention to place Cebcor and RMG into receivership for liquidation, and requesting that the citation proceedings against Cebcor and RMG be delayed in consideration of the rights of the companies and the rights of other creditors of Cebcor.  See **Exhibit F**.  Despite this assertion, however, neither Cebcor nor RMG has been placed into receivership or otherwise started winding down its business.

11.    Recently, in a separate proceeding Cebcor has asserted that it is "financially broke" and has been since at least 2005.  See Cebcor's Response to Zurich's Petition to Appoint Arbitrator, filed May 3, 2007, in the matter *Zurich American Insurance Company, et al v. Cebcor Service Corporation and Cebic, Ltd.*, Case No. 02 C 2283 (Gottschall, J.).  **Exhibit S**.

12.    Similarly, subsection (i) has been satisfied because plaintiffs have received a judgment against RMG and Cebcor, **Exhibit A**, the judgment remains unsatisfied despite plaintiffs' diligent efforts in these supplementary proceedings, and as has previously been mentioned RMG and Cebcor are by their own admission insolvent.  **Exhibit F**.

13.    Because RMG and Cebcor have admitted in writing that plaintiffs' claim is due and owing and that RMG and Cebcor are insolvent, and plaintiffs' judgment remains unsatisfied, this Court should order the judicial dissolution of RMG and Cebcor.

WHEREFORE, Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., respectfully

request that this Honorable Court grant the following relief against defendants Risk Marketing Group and Cebcor Service Corporation:

(a) appoint an interim receiver to take charge of the assets and business of Cebcor and RMG until a full and complete hearing on plaintiffs' request for dissolution may be had, pursuant to 805 ILCS 5/12.60(d);

(b) restrain and enjoin the current officers, directors and shareholders of Cebcor and RMG, as well as any other individuals or entities affiliated with or doing business with them from disposing of or selling any assets of Cebcor and RMG, from conducting any shareholders or directors meetings while this action is pending, and from performing any other actions that are detrimental to Cebcor and RMG, pursuant to 805 ILCS 5/12.60(d);

(c) conduct a hearing regarding plaintiffs' request for dissolution;

(d) after such hearing, appoint a liquidating receiver for Cebcor and RMG, and order that liquidation of Cebcor and RMG proceed in accordance with the provisions of the Illinois Business Corporation Act of 1983, pursuant to 805 ILCS 5/12.60(e); and

(e) dissolve Cebcor and RMG upon completion of these proceedings.

**Dated:  May 25, 2007**                                             Respectfully submitted,


                                                                    /s/John P. McCorry
                                                                    One of Plaintiffs' Attorneys

John P. McCorry (#6280573)
McVey & Parsky, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
312-551-2130
312-551-2131 (facsimile)
jpm@mcveyparsky-law.com

\\CHSRV01\Users\jpm\10715 Star Insurance\Motions against Cebcor and RMG\Motion for Judicial Dissolution.doc