KC F I L E D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 0 9 2007
8-9-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

STAR INSURANCE COMPANY, a
Michigan Corporation, WILLIAMSBURG
NATIONAL INSURANCE COMPANY, a
California corporation, and AMERICAN
INDEMNITY INSURANCE COMPANY,
LTD., a Bermuda corporation

                Plaintiffs,

        v.

RISK MARKETING GROUP, INC.,
an Illinois corporation, and CEBCOR
SERVICE CORPORATION, an Illinois
corporation

                Defendants

Case No.   06 C 1364

Judge Bucklo

Magistrate Judge Nolan

## DEFENDANTS' MOTION TO CONSOLIDATE OR
## IN THE ALTERNATIVE TO TRANSFER CASE TO JUDGE
## IN RECENTLY FILED CASE

NOW COMES Defendants, Risk Marketing Group, Inc., an Illinois corporation, and

Cebcor Service Corporation, an Illinois corporation, pursuant to Rule 42, Fed. R. Civ. P.,

and hereby move the Court to consolidate the instant case with the recently filed case,

Star Insurance Company, a Michigan Corporation , Williamsburg National Insurance

Company, a California corporation, and American Indemnity Insurance Company, LTD.,

a Bermuda corporation  v.  Charles E. Stevenson, et al., Case No. 07 CV 3668, assigned

to Judge St. Eve in the Northern District of Illinois, or, in the alternative, to transfer the

instant case and its pending Plaintiffs' motions to Judge St. Eve for hearing. In support
thereof, Defendants state as follows:

1. On May 25, 2007, the Plaintiffs in the instant case filed four motions, contempora-
neously: (1) Plaintiffs' Motion To Set Aside Fraudulent Transfers; (2) Plaintiffs' Motion
For Preliminary Injunction; (3) Plaintiffs' Motion For Judicial Dissolution of Risk
Marketing Group and Cebcor Service Corporation; and (4) Plaintiffs' Motion For
Appointment Of A Receiver.

2. Each motion contains common facts, common parties, common individuals who
are affiliated with the common parties and against whom identical allegations are made
(but who are not before the Court as parties or otherwise before the Court). The only
substantive difference between the four motions is simply the different relief the
Plaintiffs seek against the common parties and common individuals who are named in the
four motions (but who are not before the Court as parties or otherwise before the Court).
The issues of law in each of the four motions is common to each of the motions, as well.

3. The Court set a briefing schedule, but Defendants' counsel requested an enlargement
of time within which Defendants could file their responses to Plaintiffs' four motions, on
the grounds that the motions, collectively, were voluminous, extensively detailed,
complex and made numerous allegations against numerous individuals and sought
various kinds of relief against these individuals who are not parties to the instant case and
are not otherwise before the Court.

4. The Court enlarged Defendants' time within which to file their responses to
Plaintiffs' four motions to July 19, 2007. However, prior to that date, June 29, 2007,
Plaintiffs' in the instant case filed a separate lawsuit against all of the individuals against

2

whom allegations are made in Plaintiffs' four motions (the same individuals who are not parties and who are not otherwise before the Court in the instant case). The allegations against the individuals named in Plaintiffs' four motions are precisely identical to the allegations (almost word-for-word) made against these same individuals in the newly filed lawsuit: <u>Star Insurance Company, Williamsburg National Insurance Company and American Indemnity Insurance Company  v.  Charles E. Stevenson, Vanita D. Stevenson, Don A. Moore, Phillip Arazny, Stevenson 37 West Partnership, Employ America, LLC, EA 1, LLC, EA 2, LLC, CSC Claim Company, LLC, CSC Partners, LLC, Encompass Financial Solutions, LLC, Olive Asset Management, LLC, and Generation of Success, NFP,</u> Case No. 07 CV 3668. Most, but not all of the newly named Defendants have been served and none, as of the date of filing of this instant motion, has filed an answer to the "Amended Complaint". A copy of the "Amended Complaint" is attached hereto as Exhibit A.

5. Judge St. Eve has been assigned to hear Case No. 07 CV 3668.

6. Counsel in the instant case, the undersigned, has been retained by each of the newly served Defendants in Case No. 07 CV 3668 to represent them in the new lawsuit.

7. The "Amended Complaint" in Case No. 07 CV 3668 has precisely the same Plaintiffs as do the above-referenced four motions pending before this Court. They are: Star Insurance Company, Williamsburg National Insurance Company and American Indemnity Insurance Company.

8. The "Amended Complaint" in Case No. 07 CV 3668 includes in its list of Defendants seven of the eight individuals and corporate entities against whom allegations are made by the Plaintiffs in the four motions -- individuals and corporate entities who

3

are not parties to the instant case before this Court and who are not otherwise before this

Court. They are: Charles E. Stevenson, Vanita D. Stevenson, Don A. Moore, Phillip

Arazny, Stevenson 37 West Partnership, Employ America, LLC, and Encompass

Financial Solutions, LLC.

9. Both the "Amended Complaint" in Case No. 07 CV 3668 and Plaintiffs' four motions

pending before this Court allege that the above-named individual Defendants and

corporate entities ( who are common to both the Amended Complaint and Plaintiffs' four

motions) are all affiliated with Risk Marketing Group and Cebcor Service Corporation,

the Defendants in the instant case.

10. Both the "Amended Complaint" in Case No. 07 CV 3668 and Plaintiffs' four

motions pending before this Court are all founded precisely on the same allegedly

fraudulent transfers of assets between precisely the same Defendants who are common to

both the "Amended Complaint" in Case No. CV 3668 and Plaintiffs' four motions

pending in the instant case.

11. Plaintiffs' Motion To Set Aside Fraudulent Transfers, at paragraphs 6 (a) thru (d)

and paragraph 7, sets forth each of the alleged fraudulent transfers on which the motion is

founded. The "Amended Complaint" in Case No. 07 CV 3668 sets forth precisely the

same allegedly fraudulently transfers as the substantive basis of the "Amended

Complaint". These identical allegations are noted as follows:

- Paragraph 6 (a) of the motion is paragraph 43g of the "Amended Complaint"
- Paragraph 6 (b) of the motion is paragraph 43h of the "Amended Complaint"
- Paragraph 6 (c) of the motion is paragraph 43i of the "Amended Complaint"
- Paragraph 6 (d) of the motion is paragraph 43j of the "Amended Complaint"

4

- Paragraph 7 of the motion is re-alleged as paragraphs 43c, 45 and 56 of the "Amended Complaint"

12. The relief being sought in the Motion To Set Aside Fraudulent Transfers is substantially the same as that being sought in the "Amended Complaint": (1) a finding by the Court that the subject transfers were fraudulent; and (2) the piercing of the corporate veil of Risk Marketing Group and Cebcor Service Corporation by the Court so that the Court may hold the so-called Cebcor affiliated individuals and corporate entities (who are common to both Plaintiffs' four motions pending before this Court and Plaintiffs' newly filed "Amended Complaint" liable for the subject debt of Risk Marketing Group and Cebcor Service Corporation.

13. Plaintiffs' Motion For Preliminary Injunction seeks to enjoin not only the named Defendants in the instant case before this Court, but also, it moves the Court to enjoin the seven alleged "Cebcor affiliated individuals and companies" not named as parties in the instant case and not otherwise before this Court -- i.e., Charles E. Stevenson, Vanita D. Stevenson, Don A. Moore, Phillip Arazny, Stevenson 37 west Partnership, Employ America, LLC, and Encompass Financial Solutions, LLC. These seven individuals and companies are Defendants in the newly filed "Amended Complaint" in Case No. 07 CV 3668.

Moreover, the substantive basis for Plaintiffs' Motion For Preliminary Injunction is Plaintiffs' set of allegations found in Plaintiffs' Motion To Set Aside Fraudulent Transfers. For example, paragraph 7 of Plaintiffs' Motion For Preliminary Injunction states as follows:

"As more fully discussed in plaintiffs' motion to set aside fraudulent transfers (filed contemporaneously with this motion and herewith incorporated by

reference), in 2004 Cebcor purportedly converted Officer Loan Receivables
made to Charles Stevenson, Vanita Stevenson, Stevenson 37 West Partnership,
Stevenson Realty & Investment, and Don A. Moore, purportedly converted a
promissory note owed by Employ America, LLC and purportedly converted an
intercompany loan owned by Encompass Financial Solutions, LLC, prior to
the entry of judgment in favor of plaintiffs. On or about July 15, 2005, RMG
transferred $15,000, its remaining asset, to Employ America."

These same allegations are made by the same Plaintiffs against the same

individuals and companies named as Defendants in Plaintiffs newly filed "Amended

Complaint", Case No. 07 CV 3668.

14. Plaintiffs' Motion For Appointment Of A Receiver is also founded on the set of

allegations found in Plaintiffs' Motion To Set Aside Fraudulent Transfers. Paragraph 6

of Plaintiffs'Motion For Appointment Of A Receiver for Risk Marketing Group and

Cebcor Service Corporation states as follows:

> "In an effort to collect the judgment owed to them, plaintiffs have moved to
> set aside fraudulent transfers made by Cebcor and RMG to various affiliated
> individuals and entities, which motion is hereby incorporated by reference.
> Plaintiffs have also moved for judicial dissolution of Cebcor and RMG, which
> is also incorporated herein by reference."

Again, these same allegations are made by the same Plaintiffs against the same

individuals and companies named as Defendants in Plaintiffs' newly filed "Amended

Complaint", Case No. 07 CV 3668.

15. Plaintiffs' Motion For Judicial Dissolution Of Risk Marketing Group and Cebcor

Service Corporation, filed contemporaneously with Plaintiffs' other three motions is

inextricably joined with Plaintiffs' other three motions. If this Court were to find that the

alleged fraudulent transfers set forth in Plaintiffs' Motion To Set Aside Fraudulent

Transfers were, in fact, fraudulent, then the motion for judicial dissolution of Risk

Marketing Group and Cebcor Service Corporation would have merit. However, the

6

substantive facts on which this motion is founded are set forth by the same Plaintiffs

against the same Defendants in the newly filed "Amended Complaint", Case No. 07 CV

3668. Therefore, were this Court to rule adversely to the so-called RMG and Cebcor

affiliated individuals and companies who are not parties in the instant case and are not

otherwise before this Court would, ipso facto, pre-judge the case against these same

individuals and companies who have been sued in the newly filed "Amended

Complaint". Accordingly, one judge must hear both the pending four motions before this

Court and the "Amended Complaint". To accomplish this, either the two cases must be

consolidated before this Court or Plaintiffs' pending four motions must be transferred

to Judge St. Eve for hearing.

## ARGUMENT

16. Rule 42 (a), Fed. R. Civ. P., provides in pertinent part, that: If actions before the

court involve a common question of law or fact, the court may: (1) join for hearing or

trial any or all matters at issue in the actions; or consolidate the actions; or (3) issue any

other orders to avoid unnecessary cost or delay.

17. In Midwest Community Council v. Chicago Park District, 98 F.R.D. 491 (N.D. Ill.

1983) a civil rights action challenging racial discrimination in the allocation of park

resources in the city of Chicago, Illinois was consolidated for trial, sua sponte, by the

trial court, with another action charging racial discrimination in the allocation of park

resources as well as employment discrimination in the park district. The trial court held

that the parties were essentially the same, the claims were generally the same and a

common issue existed -- i.e., whether the defendants were administering the park system

in a racially discriminatory manner.

The trial court judge set forth the principles underlying Rule 42 (a). In applying this rule, according to the court, courts which have discussed the issue of consolidation have stressed that the purpose of joining actions is to promote convenience and judicial economy. Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-497. Consolidation of cases like the ones before the court will promote the aims of all the parties, economize time and effort without circumscribing the opportunity for full litigation of all relevant claims. The decision whether to sever, or to consolidate whole actions or sub-units for trial, is necessarily committed to this court's discretion. Arnold v. Eastern Airlines, Inc., 681 F. 2d 186, 192 (4th Cir. 1982).

The 7th Circuit Court of Appeals in Beverly California Corp. v. N.L.R.B., 227 F. 3d 817 (7th Cir. 2000) agreed with the court in Midwest Community Council. It said that: "Consolidation allows for consistency in decision making; it allows both the agency and the reviewing court to see the big picture and not to be misled by fragmentation; and it saves resources for all concerned."

Clearly, in the instant case, its inextricable links with Case No. 07 CV 3668 are in plain view. Plaintiffs in both cases are precisely the same, the Defendants in both cases are the same except for some additional ones in Case No. 07 CV 3668, and the issue of whether or not the transfers of assets between RMG and Cebcor and the so-called RMG and Cebcor affiliated individuals and companies were fraudulent is the overriding issue in both cases.

Consolidation of the two actions would surely save costs and eliminate delay. Also, consolidation would eliminate the risk that the judge's decision in one case would pre-judge the merits of the other case. Were this court, for example, to rule adversely to the

8

Defendants' on the Plaintiffs' four motions , there would be no opportunity for the Defendants in Case No. 07 CV 3668, who are not parties in the instant case and are not otherwise before this Court, to have their day in court.

WHEREFORE, based on the foregoing, Defendants respectfully request that this Honorable Court consolidate the instant case and its pending motions with the newly filed "Amended Complaint" in Case No. CV 3668, or,in the alternative, transfer the instant case and its pending motions to Judge St. Eve for hearing.

Respectfully submitted,

By: _____
Attorney for Defendants

Robert E. Bennett (#0172219)
345 N. Canal Street, Suite 1403
Chicago, IL. 60606
Tel: 312-895-7157
Fax: 312-849-2209
Email: rebennettatty@sbcglobal.net

A

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Star Insurance Company, Williamsburg National
Insurance Company, and American Indemnity
Insurance Company,

CASE NUMBER:

V.

Charles E. Stevenson, Vanita D. Stevenson, Don A. Moore, Phillip
Arazny, Stevenson 37 West Partnership, Employ America, LLC, EA1,
LLC, EA2, LLC, CSC Claim Company, LLC, CSC Partners, LLC,
Encompass Financial Solutions, LLC, Olive Asset Management, LLC,
and Generations of Success, NFP

ASSI **07CV3668**

DES **JUDGE ST EVE**

MA( **MAGISTRATE JUDGE ASHMAN**

TO: (Name and address of Defendant)

Phillip Arazny
828 Sunset Road
Wheaton, IL 60187

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John P. McCorry
McVey & Parsky, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

**KRYSTEN COPPOLETTA**

(By) DEPUTY CLERK

JUN 2 9 2007

DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me⁽¹⁾ | DATE | |
|---|---|---|
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

**G** Served personally upon the defendant.  Place where served: _____

_____

**G** Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

**G** Returned unexecuted: _____

_____

_____

**G** Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                  Date                              *Signature of Server*


                                 _____
                                        *Address of Server*


(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 07 C 3668 |
| v. | ) ) | Judge Amy St. Eve |
| CHARLES E. STEVENSON, VANITA D. STEVENSON, DON A. MOORE, PHILLIP ARAZNY, STEVENSON 37 WEST PARTNERSHIP, L.P., EMPLOY AMERICA, LLC EA1, LLC, EA2, LLC, CSC CLAIM COMPANY, INC., CSC PARTNERS, LLC, ENCOMPASS FINANCIAL SOLUTIONS, L.L.C., OLIVE ASSET MANAGEMENT, LLC, AND GENERATIONS OF SUCCESS, NFP, | ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Ashman |
| Defendants. | ) ) | |

## AMENDED COMPLAINT

Now come plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., as and for their amended complaint against defendants CHARLES E. STEVENSON, VANITA D. STEVENSON, DON A. MOORE, PHILLIP ARAZNY, STEVENSON 37 WEST PARTNERSHIP, L.P., EMPLOY AMERICA, LLC, EA1, LLC, EA2, LLC, CSC CLAIM COMPANY, LLC, CSC PARTNERS, LLC, ENCOMPASS FINANCIAL SOLUTIONS, L.L.C., OLIVE ASSET MANAGEMENT, LLC, and GENERATIONS OF SUCCESS, NFP, and state and allege as follows:

### PARTIES

1.     Star Insurance Company ("Star") is a Michigan Corporation with its principal place of business in Michigan.

2.     Williamsburg National Insurance Company ("Williamsburg") is California corporation with its principal place of business in California.

3.     American Indemnity Insurance Company, Ltd. ("American Indemnity") is a Bermuda corporation with its principal place of business in Bermuda.

4.     Charles E. Stevenson is an individual who is a citizen of the state of Illinois and who resides at 37 West 13th Street, Chicago, Illinois.

5.     Vanita D. Stevenson is an individual who is a citizen of the state of Illinois and who resides at 37 West 13th Street, Chicago, Illinois. Mrs. Stevenson is the wife of Charles Stevenson.

6.     Don A. Moore is an individual who is a citizen of the state of Texas and who resides at 605 Clinton Street, Ovilla, Texas.

7.     Phillip Arazny is an individual who is a citizen of the state of Illinois and who resides at 828 Sunset Road, Wheaton, Illinois.

8.     Stevenson 37 West Partnership, L.P., is an Illinois limited partnership located at 37 West 13th Place, Chicago, Illinois. The partners of Stevenson 37 West Partnership are Mrs. Stevenson, who is the General Partner, and Mr. Stevenson.

9.     Employ America, LLC is an Illinois limited liability company, with its principal place of business at 345 North Canal Street, Chicago, Illinois. Stevenson 37 West Partnership and Mr. Moore are the members of Employ America.

10.     EA1, LLC, is an Illinois limited liability company with its principal place of business at 345 North Canal Street, Chicago, Illinois. Employ America is the managing agent for EA1, which conducts employee leasing services. Mr. Stevenson is a member/manager of

2

EA1. The two remaining members/managers of EA1 are John Hess and Peter Scherer, both of whom are citizens of the state of Illinois.

11.    EA2, LLC, is a Texas limited liability company with its principal place of business at 12300 Ford Road, Dallas, Texas. Upon information and belief, EA2 was set up to perform employee leasing operations similar to EA1. Mr. Stevenson and Mr. Moore are the members of EA2.

12.    CSC Claim Company, Inc. ("CSC Claim") is a Texas corporation with its principal place of business at 345 North Canal Street, Chicago, Illinois. During all relevant times CSC Claim has conducted third-party administration and claims handling services. Mr. Stevenson and Mr. Moore are the sole shareholders and officers of CSC Claim.

13.    CSC Partners, LLC (f/k/a TPG Partners, LLC) is an Illinois limited liability company with its principal place of business at 345 North Canal Street, Chicago, Illinois. CSC Partners is the record owner of two condominium suites, units 1402 and 1403, at 345 North Canal Street, Chicago, Illinois, which are used as the offices for all of Mr. Stevenson's business enterprises. CSC Partners is also a registered insurance producer with the Illinois Department of Financial and Professional Regulation, Division of Insurance. Stevenson 37 West Partnership and Mr. Moore are the members/managers of CSC Partners.

14.    Encompass Financial Solutions, L.L.C. ("Encompass") is an Illinois limited liability company with its principal place of business at 345 North Canal Street, Chicago, Illinois. During all relevant times Encompass Financial solutions has engaged in the business of factoring. Stevenson 37 West Partnership and Mr. Moore are the members of Encompass.

15.    Olive Asset Management, LLC ("Olive") is an Illinois limited liability company with its principal place of business at 345 North Canal Street, Chicago, Illinois. Mr. Stevenson is

3

a member/manager of Olive. The other member/manager of Olive is John Hess, who is a citizen of the state of Illinois.

16.    Generations of Success, NFP, is an Illinois Not-for-Profit Corporation with its principal place of business at 345 North Canal Street, Chicago, Illinois. Mrs. Stevenson is the Executive Director and registered agent for Generations of Success.

## JURISDICTION AND VENUE

17.    Jurisdiction of this Court is invoked based upon diversity of citizenship of the parties, pursuant to 28 U.S.C. 1332, as this action is between citizens of different states, and the matter in controversy in the action exceeds the sum of $75,000, exclusive of interest and costs.

18.    Venue is properly laid in the Northern District of Illinois pursuant to 28 U.S.C. 1391, as a substantial part of the events giving rise to this claim occurred within this district, and because all defendants are subject to personal jurisdiction here.

## BACKGROUND

19.    This case arises out of business relationship between plaintiffs and Cebcor Service Corporation ("Cebcor") and Risk Marketing Group, Inc. ("RMG"). In January 2000, Cebcor and RMG entered into certain agreements with plaintiffs regarding two workers compensation programs referred to as Cebcor I and Cebcor II. Under Cebcor I, plaintiff Star issued a single worker's compensation policy with a $100,000 deductible per claim. Cebcor and RMG, through the mechanism of an employee leasing organization, used this policy to provide insurance for a number of their customers. The Cebcor II program involved the sale of individual workers compensation insurance policies to customers of Cebcor and RMG.

4

20.    During the term of the agreements and through the present, Mr. Stevenson was the majority shareholder and a director of Cebcor, and held the position of President.  Mr. Stevenson also owned one-third of Risk Marketing Group and served as its sole director.

21.    During the term of the agreements and through the present, Mr. Moore was a shareholder and a director of Cebcor, and held the position of Secretary.

22.    During the term of the agreements and through the present, Mr. Arazny served as Controller for both Cebcor and RMG.  He also held the position of Secretary of RMG.

23.    Upon information and belief, during the term of the agreements, Mrs. Stevenson served as a Vice-President of Cebcor.

24.    Plaintiffs terminated the agreements with Cebcor and RMG at the end of 2000. Disputes subsequently arose regarding amounts that Cebcor and RMG owed to plaintiffs under the Cebcor I and Cebcor II programs after termination of the agreements.

25.    Pursuant to the terms of the various agreements between the parties, plaintiffs initiated arbitration against Cebcor and RMG for breach of the agreements.  In November 2005, an arbitration hearing was held in Michigan.  The arbitration panel found that Cebcor and RMG had breached the various agreements and awarded plaintiffs $2,436,290.00 as damages.

26.    Plaintiffs thereafter moved to enter this arbitration award with the United States District Court for the Eastern District of Michigan.  Cebcor and RMG opposed entry of the arbitration award.  For the first time, Mr. Stevenson claimed that Cebcor and RMG would be unable to pay the award because they were insolvent and had not conducted business for several years.  Neither Mr. Stevenson nor anyone else from Cebcor or RMG had previously informed plaintiffs that these entities were insolvent and no longer conducting business.

5

27.     On February 8, 2006, the United States District Court for the Eastern District of Michigan entered judgment in favor of plaintiffs and against Cebcor and RMG in the amount of $2,436,290.00. Cebcor and RMG did not bring any post trial motions and did not appeal entry of the judgment. The judgment became final on March 10, 2006.

28.     On March 13, 2006, plaintiffs registered the judgment against Cebcor and RMG with the United States District Court for the Northern District of Illinois, in the matter captioned *Star Insurance Company, Williamsburg National Insurance Company, and American Indemnity Insurance Company, Ltd. v. Risk Marketing Group, Inc. and Cebcor Service Corporation*, Case No. 06 C 1364 (Bucklo, J.).

29.     Plaintiffs thereafter commenced supplementary proceedings against Cebcor and RMG to collect the judgment and served RMG and Cebcor with citations to discover assets.

30.     On April 12, 2006, Mr. Stevenson wrote to plaintiffs' attorney and stated that Cebcor and RMG planned to enter receivership. However, to date Cebcor and RMG have not entered receivership. Instead, Cebcor and RMG have recently filed their annual reports with the Illinois Secretary of State and are listed as being in good standing.

## COUNT I
## ACTION TO PIERCE CORPORATE VEIL – BREACH OF CONTRACT AGAINST ALL DEFENDANTS

31.     Plaintiffs hereby repeat and reallege the allegations contained in paragraph 1 through 30 as though the same were fully set forth herein in this paragraph 31.

32.     Plaintiffs now bring this action to pierce the corporate veils of Cebcor and RMG to collect the outstanding judgment of $2,436,290.00, plus interest from Mr. Stevenson, Mrs. Stevenson, Mr. Moore, Mr. Arazny, Stevenson 37 West Partnership (hereinafter collectively referred to as the "Cebcor-affiliated individuals") and Employ America, EA1, EA2, CSC Claim,

6

CSC Partners, Encompass, Olive, and Generations of Success, NFP (hereinafter collectively referred to as the "Cebcor-affiliated companies").

33.     The Cebcor-affiliated companies are nothing more than the alter-egos of Cebcor and RMG, and hide behind the veils of alleged separate corporate existence to avoid their debts to plaintiffs, and to otherwise defraud plaintiffs.

34.     In turn, Cebcor, RMG and the Cebcor-affiliated companies are nothing more than the alter-egos of Cebcor-affiliated individuals.   Mr. and Mrs. Stevenson, individually and through Stevenson 37 West Partnership, have operated and continue to operate Cebcor, RMG and the Cebcor-affiliated companies for their own personal benefit and use, without regard to the separate corporate natures of these entities or to corporate formalities.

35.     There is such unity of interest and ownership between Cebcor, RMG, the Cebcor-affiliated individuals and the Cebcor-affiliated companies that the separate personalities of these individuals and business enterprises have ceased to exist.

36.     Cebcor and RMG are inadequately capitalized

     a.     Cebcor's paid in capital at the time of its incorporation was only $1,000. The amount of capital contributed to Cebcor since that time has not changed.  This capitalization is inadequate given the judgment that Cebcor has incurred to plaintiff and the liabilities it owes to other creditors.

     b.     RMG's paid in capital at the time of its incorporation was only $1,000. The amount of capital contributed to RMG since that time has not changed.  This capitalization is inadequate given the judgment that RMG has incurred to plaintiff and the liabilities it owes to other creditors.

7

37.     Upon information and belief, Cebcor has failed to issue stock to any of its shareholders.

38.     Upon information and belief, the Cebcor-affiliated companies have failed to issue stock to any of their shareholders:

    a.     Mr. Stevenson was responsible for the initial set up of Cebcor, RMG and the Cebcor-affiliated companies. He would follow the same procedure whenever he set up a new company. Mr. Stevenson would list himself and others as shareholders or members of the various entities. Mr. Stevenson typically did not request an initial investment from these other shareholders or members when forming a new company.

    b.     For example, until his retirement in 2003, Mr. Anthony Proto was the "owner" of approximately sixteen to eighteen percent (16 to 18%) of CSC Partners. However, he never physically received any shares and never knew how his ownership interest was calculated. Mr. Proto did not pay for this ownership interest or otherwise contribute anything to CSC Partners in exchange for this ownership interest. Mr. Proto only found out about his ownership in CSC Partners when Mr. Stevenson informed him that he was an owner.

    c.     Although Mr. Moore and Mr. Proto were shareholders and/or members of several of the Cebcor-affiliated companies, Mr. Stevenson determined whether and to what extent Mr. Moore, Mr. Proto, and others would be owners and/or shareholders.

39.     Cebcor and RMG have failed to observe corporate formalities and to adequately maintain corporate records.

    a.     Cebcor has not held annual meetings of its shareholders or directors since 2004, in violation of the Illinois Business Corporation Act and Cebcor's articles of incorporation and bylaws.

8

b.    Cebcor's most recent annual report filed with the Illinois Secretary of State does not list any directors for Cebcor. The failure of Cebcor to maintain directors violates Article 8 of the Illinois Business Corporation Act.

c.    RMG has not held annual meetings of its shareholders or directors since 2003, in violation of the Illinois Business Corporation Act and RMG's articles of incorporation and bylaws.

d.    RMG's most recent annual report filed with the Illinois Secretary of State lists Mr. Proto as the President of RMG. However, Mr. Proto retired from RMG in 2003, and has not served in the capacity of president since that time. Upon information and belief, RMG currently does not have a president, in violation of the Illinois Business Corporation Act and RMG's articles of incorporation and bylaws.

40.    Upon information and belief, Cebcor and RMG never paid dividends to any of their shareholders or members.

41.    Cebcor and RMG are insolvent:

a.    In response to the plaintiffs' citation to discover assets, Cebcor claims to have no assets and a current net value of approximately negative $1,000,000.

b.    In response to plaintiffs' citation to discovery assets, RMG also claims that it currently has a negative net worth and no assets.

c.    Recently, in a separate proceeding captioned *Zurich American Insurance Company, et al v. Cebcor Service Corporation and Cebic, Ltd.*, Case No. 02 C 2283 (Gottschall, J.), Cebcor has asserted that it is "financially broke" and has been since at least 2005.

42.    The officers and directors of Cebcor and RMG other than Mr. Stevenson are non-functioning. All decisions regarding Cebcor and RMG are made by Mr. Stevenson alone.

9

43.     The Cebcor-affiliated individuals have commingled the funds of Cebcor, RMG and the Cebcor-affiliated companies; have diverted assets to themselves and to other business pursuits; and have failed to maintain arm's length relationships among Cebcor, RMG and the Cebcor-affiliated companies:

    a.     Cebcor, RMG and the Cebcor-affiliated companies all share the same office space at 345 North Canal Street in Chicago, as well a second office in Dallas, Texas.

    b.     Cebcor, RMG and the Cebcor-affiliated companies have employed many of the same employees, simply switching employees between companies as needed. Regardless of which company the employees worked for, their salary was paid by Cebcor.

    c.     Cebcor, RMG and the Cebcor-affiliated companies would routinely transfer funds back and forth between themselves. Between 2002 and at least the beginning or 2005, CSC Claim Company would transfer large sums of money to Cebcor's bank accounts in Chicago and Dallas. Cebcor, in turn, would use these funds to pay vendor invoices, payroll, etc. for Cebcor, RMG and the Cebcor-affiliated companies.

    d.     Cebcor and RMG used funds received from CSC Claim Company to pay their attorney's fees and costs in defending the underlying arbitration with plaintiffs. Upon information and belief, no formal agreement existed between Cebcor, RMG and CSC Claim Company to memorialize this arrangement or to obligate Cebcor and RMG to repay these amounts to CSC Claim Company.

    e.     Mr. Stevenson used the funds of Cebcor, RMG and the Cebcor-affiliated companies to set up and fund new business ventures. For example, Cebcor paid approximately $350,000 in attorneys' fees for consultation in setting up Employ America and in researching the legality of the proposed business plan to syndicate tax credits to investors. Cebcor also paid

10

consultants at least $10,000, and possibly upwards of $100,000, for advice on Employ America's business plan. These payments from Cebcor took place after Cebcor supposedly ceased doing business and stopped generating income. Upon information and belief, no formal arrangement or agreement existed between Cebcor and Employ America to pay these amounts, or to obligate Employ America to repay these amounts to Cebcor.

   f.    In the year 2000, Mr. Stevenson started another business enterprise with two other individuals known as CMG Investments, LLC ("CMG"). The purpose of CMG was to invest in technology stocks and initial public offerings for technology and internet companies. The business of CMG occurred at 345 North Canal Street, Chicago, Illinois. Mr. Stevenson initial investment in CMG came from Cebcor; Mr. Stevenson did not invest any of his own money in CMG. According to Mr. Stevenson, Cebcor lost at least $100,000 of its initial investment before CMG stopped doing business.

   g.    In July 2005, RMG closed its checking account with Harris Bank. At the same time, RMG wrote a check for $15,000 to Employ America. Mr. Arazny used this money to pay for expenses for some of the Cebcor-affiliated companies. RMG owed no outstanding debt to Employ America, and RMG received no consideration from Employ America.

   h.    Mr. Stevenson and Mr. Moore have received periodic salary advances and/or loans from Cebcor, which are referred to in Cebcor's general ledger as "Officer Loan Receivables." As of December 31, 2004, the total outstanding Officer Loan Receivables were $536,302.21, with Mr. Stevenson owing $453,423.64 and Mr. Moore owing $82,878.57. Cebcor claims to have forgiven the officer loans, although other records indicate that the loans may have been transferred to Encompass Financial Solutions. The purported decision to forgive the loans was made by Mr. Stevenson and Mr. Moore.

11

i.      As of September 2004, Employ America owed to Cebcor $1,240,463.00 pursuant to a promissory note. On our about November 18, 2004, Mr. Stevenson and Mr. Moore as the shareholders of Cebcor purported to convert this promissory note into a one percent (1%) membership interest in Employ America.

j.      As of September 2004, Encompass Financial Solutions owed to Cebcor approximately $1,194,218.15 pursuant to an intercompany loan. Cebcor claims to have converted this intercompany loan into a one percent membership interest in Encompass. However, at the time this purported conversion was approved, Encompass was no longer in business; thus, any "investment" by Cebcor in Encompass would have been worthless.

k.      Mr. Stevenson also authorized Cebcor to pay for certain personal expenses. For example, Cebcor paid for Mr. Stevenson's membership in the East Bank Club. Cebcor also paid for leases for at least two automobiles that we used exclusively by Mr. Stevenson and Mrs. Stevenson.

l.      In November 2005, CSC Partners took out a mortgage with DuPage National Bank in the amount of $675,000 on the condominium units at 345 North Canal Street in Chicago. Mrs. Stevenson signed the loan documents as general partner for Stevenson 37 West Partnership. The proceeds of the loan were transferred into CSC Claim Company's account that same month. CSC Claim Company used these amounts to pay for internal salaries, taxes and accounts payable. Upon further information and belief, no agreement existed between CSC Partners and CSC Claim Company regarding the transfer of the loan proceeds to CSC Claim Company, or regarding the repayment of these amounts.

44.     Cebcor and RMG are merely facades for the Cebcor-affiliated individuals and the Cebcor-affiliated companies.

12

45. Adherence to the fiction of separate corporate existence would sanction a fraud and promote an injustice.

46. Mr. Stevenson is the dominant individual in Cebcor, RMG and the Cebcor-affiliated companies and the primary decision-maker, in conjunction with the other Cebcor-affiliated individuals.

47. Mr. Stevenson made all financial decisions and kept secret all financial dealings and information of Cebcor, RMG and the Cebcor-affiliated companies from the other shareholders and members of these entities. He would not allow any other individuals to participate in financial decision making. Mr. Stevenson made all decisions regarding how money would be spent, and how the various entities would be funded.

48. Despite their claims that Cebcor and RMG are no longer in business and have no income or assets, the Cebcor-affiliated individuals continue to hold these companies out as going concerns to the public.

49. The Cebcor-affiliated individuals and the Cebcor-affiliated companies have been unjustly enriched due to their failure to observe corporate formalities and to keep separate Cebcor and RMG.

50. The Cebcor-affiliated individuals and the Cebcor-affiliated companies have abused the corporate forms of Cebcor and RMG to avoid their liability to plaintiffs, thereby rendering them personally liable to plaintiffs for Cebcor and RMG's breaches of the various agreements between Cebcor, RMG and plaintiffs.

51. This Court should pierce the corporate veils of Cebcor and RMG and hold that the Cebcor-affiliated individuals and Cebcor-affiliated companies are liable for Cebcor and RMG's

13

breaches of the agreements with plaintiffs as found by the arbitration panel and as confirmed by the United States District Court for the Eastern District of Michigan.

WHEREFORE, Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., respectfully requests that this Court (1) pierce the corporate veils of Cebcor Service Corporation and Risk Marketing Group to allow for personal judgment against all defendants in this matter in the amount of $2,436,290.00, plus post-judgment interest currently accruing on that amount; (2) award plaintiffs their reasonable attorneys fees and costs incurred in pursuing this action; (3) order defendants to provide an accounting of their current financial status and all transfers among themselves and/or to third parties; and (4) grant such other and further relief as the Court deems just and proper.

## COUNT II
## ACTION FOR AN ACCOUNTING
## AGAINST ALL DEFENDANTS

52.     Plaintiffs hereby repeat and reallege the allegations contained in paragraph 1 through 51 as though the same were fully set forth herein in this paragraph 52.

53.     Plaintiffs do not have an adequate remedy at law.

54.     The Cebcor-affiliated individuals and the Cebcor-affiliated companies are in exclusive control of records that plaintiffs need to determine the extent of the interrelationships between Cebcor, RMG, and the Cebcor-affiliated companies.

55.     The Cebcor-affiliated individuals and the Cebcor-affiliated companies are also in exclusive control of records regarding their financial dealings with Cebcor and RMG, including but not limited to the potential commingling of funds and failure to keep separate the various individuals and corporate entities.

14

56.     Furthermore, Cebcor, RMG, and certain of the Cebcor-affiliated individuals and Cebcor-affiliated companies have engaged in fraudulent transfers of assets from Cebcor and RMG in an attempt to defraud plaintiffs. The Cebcor-affiliated individuals and the Cebcor-affiliated companies are also in exclusive control of any documents showing additional transfers of moneys or assets from Cebcor and RMG, which moneys or assets may be available to help plaintiffs satisfy their judgment against Cebcor and RMG.

WHEREFORE, Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., respectfully requests that this Court (1) Order the Cebcor-affiliated individuals and Cebcor-affiliated companies to produce all documents and financial records involving all interactions or transactions with Cebcor and RMG; and (2) grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

s/ John P. McCorry

One of the Attorneys for Plaintiffs STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD.

John P. McCorry (#6280573)
Mark E. Parsky (#6184456)
Noel B. Haberek (#6203567)
MCVEY & PARSKY, LLC
30 N. LaSalle St., Suite 2100
Chicago, IL 60602
Phone: (312) 551-2130
Fax:    (312) 551-2131
E-mail:jpm@mcveyparsky-law.com
         mep@mcveyparsky-law.com
         nbh@mcveyparsky-law.com

CERTIFICATE OF SERVICE

I, hereby, certify that on August 9, 2007, I filed the foregoing Defendants' Motion To Consolidate Or In The Alternative To Transfer Case To Judge In Recently Filed Case. Also, I, hereby, certify that I served the same to the following by messenger on August 9, 2007.

John P. McCorry
McVey & Parsky
30 N. Lasalle Street, Suite 2100
Chicago, Il. 60602

By: _____

Robert E. Bennett, Attorney