# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **STAR INSURANCE CO.**, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) No. 06 C 1364 |
| **RISK MARKETING GROUP, INC.**, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Star Insurance Company ("Star Insurance"), Williamsburg National Insurance Company ("Williamsburg Insurance"), and American Indemnity Insurance Company Ltd. ("American Indemnity Insurance"), after having obtained a judgment in the United States District Court for the Eastern District of Michigan against defendants Risk Marketing Group, Inc. ("Risk Marketing Group") and Cebcor Service Corporation ("Cebcor"), have brought a proceeding under Federal Rule of Civil Procedure 69 and 735 Ill. Comp. Stat. 5/2-1402 (2007) to enforce the judgment. Plaintiffs have filed motions before this court to appoint a receiver, set aside fraudulent transfers, for judicial dissolution of defendants, and for a preliminary injunction to prevent defendants and related persons and entities from disposing of defendants' assets and to order them to make certain financial disclosures. Despite seeking and receiving two extensions of time to respond to these motions, defendants have never responded but instead filed a belated motion

to consolidate an action before Judge St. Eve with this proceeding or, or in the alternative, to transfer this matter to Judge St. Eve.[1] For the following reasons, I deny defendants' motion to consolidate and grant in part plaintiffs' motions for a preliminary injunction and to avoid fraudulent transfers. I deny without prejudice plaintiffs' motions for judicial dissolution and appointment of a receiver.

I.

On February 8, 2006, the United States District Court for the Eastern District of Michigan entered judgment for plaintiffs against Risk Marketing Group and Cebcor in the amount of $2,436,290, plus interest. This judgment represented an order to pay plaintiffs $500,000 and to pay plaintiffs an additional $1,936,290 to fund the "Cebcor II Loss Fund;" neither party has explained what this fund is. Plaintiffs registered the judgment and initiated supplementary proceedings before this court to enforce it. In responding to plaintiffs' efforts to enforce the judgment, representatives of the defendants have asserted that defendants are insolvent and unable to pay the judgment. According to plaintiffs, defendants never asserted they were insolvent until after the judgement from the Eastern District of Michigan. The president of Cebcor, Charles Stevenson ("Stevenson"), wrote to

---

[1] Third parties Charles Stevenson, Don Moore, Encompass Financial Solutions, LLC and Employ America, LLC also received notice of plaintiffs' motion to set aside fraudulent transfers and have not responded.

plaintiffs in April of 2006 stating that he intended to place both defendants in receivership for liquidation, but at present this has not occurred.

In addition, plaintiffs have presented evidence that defendants made certain asset transfers in 2004 and 2005, after the parties had entered into binding arbitration, that plaintiffs contend are fraudulent transfers. Plaintiffs have presented evidence that unbeknownst to plaintiffs (1) during a shareholder meeting on October 11, 2004, Cebcor converted a $536,302.21 loan receivable owed by Stevenson and Don Moore ("Moore"), a Cebcor shareholder, into compensation for their work between 2001 and 2004, even though both had received significant compensation in 2001 and 2004; (2) On November 18, 2004, Cebcor converted a $1,240,463.00 promissory note owed by Employ America into a 1% membership interest in Employ America; (3) sometime in 2004 Cebcor converted a $1,194,218.15 loan owed by Encompass Financial Solutions ("Encompass") into a 1% membership interest in Encompass; and (4) Risk Marketing Group made a $15,000 transfer without consideration to Employ America via a check dated July 15, 2005. Plaintiffs contend Stevenson is the majority owner of and controls Cebcor, Risk Marketing Group, Encompass, and Employ America.

As noted above, defendants asked for and received an extension of time until July 19, 2007 to respond to plaintiffs' motions. That day came and went without a response, and on August 2, 2007 plaintiffs filed a reply indicating defendants had not responded.

A week later, on August 9, 2007, defendants filed a motion to consolidate this proceeding and a case before Judge St. Eve or to or transfer these motions to Judge St. Eve. On June 29, 2007, the plaintiffs in the present case filed a complaint before Judge St. Eve, case number 07 CV 3668, against numerous defendants. None of the defendants in the case now before me are defendants in that matter, but Stevenson, Moore, Employ America and Encompass are all among the defendants.[2] Counsel for defendants in this matter has stated to this court that he represents the defendants in the matter before Judge St. Eve as well, although no appearances have been filed in that case. That complaint brings claims for accounting and for breach of contract and to pierce the corporate veil against all defendants. At a hearing before me on August 16, defendants again requested additional time to file a response to plaintiffs' motions, and I allowed them an additional day to file a response. Defendants never did so.

II.

As I indicated to the parties during their appearance in court on August 16, 2007, the only relief I might grant defendants from their motion to consolidate and transfer is to consolidate and transfer the case before Judge St. Eve to this court. Local Rule 40.4(b) only allows for two related cases to be consolidated before

---

[2] On July 3, 2007, Judge St. Eve dismissed without prejudice the complaint in that matter for failure to sufficiently allege diversity jurisdiction, but two days later plaintiffs filed an amended complaint.

4

the judge assigned to hear the earlier-filed case, which in this instance is the case filed before me.  This is irrelevant, however, because plaintiffs are correct that the case before Judge St. Eve is an action to pierce the corporate veil, and such an action cannot be combined with a supplementary proceeding.  The Seventh Circuit previously indicated in *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193 (7th Cir. 1996) that Illinois law likely does not permit veil-piercing in supplementary proceedings under § 5/2-1402.  *Id.* at 1195 (citing *Pyshos v. Heart-Land Dev. Co.*, 258 Ill. App. 3d 618, 196 Ill. Dec. 889, 630 N.E.2d 1054 (Ill. App. Ct. 1994)).  In *Pyshos*, the court determined that the corporate veil may not be pierced in a supplementary proceeding because the allegations required for piercing do not fall within the proceeding's limited scope.  258 Ill. App. 3d at 624, 196 Ill. Dec. at 893, 630 N.E.2d at 1058.  The only relevant inquiries in a supplementary proceeding are whether (1) the judgment debtor possesses assets that should be used to satisfy the judgment; or (2) a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment.  *Id.* at 623, 196 Ill. Dec. at 892, 630 N.E.2d at 1057.

Although the Illinois Supreme Court has not directly resolved this issue, several other decisions of the district court and the Illinois appellate courts have followed the holding of *Pyshos*. *See, e.g.*, *Harris Custom Builders v. Hoffmeyer*, No. 90 C 741, 2001 WL 811661, at *7 n.17 (N.D. Ill. July 18, 2001); *Michelson v.

5

*Schor*, No. 95 C 6573, 1997 WL 282929, at *4 (N.D. Ill. May 16, 1997); *Miner v. Fashion Enters.*, 342 Ill. App. 3d 405, 414-15, 276 Ill. Dec. 652, 661, 794 N.E.2d 902, 911 (Ill. App. Ct. 2003) (collecting other Illinois appellate court decisions). I agree with plaintiffs that these two cases are not capable of disposition in a single proceeding so that consolidation is not appropriate under Local Rule 40.4(b). I deny defendants' motion.

### III.

This leaves me to resolve plaintiffs' motions. Although defendants have never responded to plaintiffs' motions, I still must apply the relevant factors to determine if plaintiffs are entitled to the relief that they seek. I conclude that some of the relief they have sought is appropriate.

First, plaintiffs have moved for a preliminary injunction to prevent defendants from disposing of assets or taking other detrimental action, to prevent those individuals and entities who purportedly received fraudulent transfers from defendants from disposing of those amounts and to freeze the assets of those entities and individuals, and to order those entities and individuals to provide plaintiff's counsel with a detailed balance sheet showing their net worth and a list of all the transfers they have made since the entry of judgment. To obtain a preliminary injunction plaintiffs must show that (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief,

6

outweighs the irreparable harm the defendants will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *See Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). I agree that plaintiffs have met their burden to show that a preliminary injunction is appropriate against defendants. The Illinois statute for supplementary proceedings allows for the issuance of preliminary injunctions. *See Cacok v. Covington*, 111 F.3d 52, 54 (7th Cir. 1997) (citing *Kirchheimer Bros. Co. v. Jewelry Mine, Ltd.*, 100 Ill. App. 3d 360, 361-63, 55 Ill. Dec. 785, 788-89, 426 N.E.2d 1110, 1113-14 (Ill. App. Ct. 1981)).

Plaintiffs have shown that they are reasonably likely to succeed on the merits. Plaintiff has a valid judgment against defendants. Defendants have represented that they are insolvent and unable to pay the judgment, and that they are not conducting business. Plaintiffs have demonstrated that in 2004 and 2005 defendants engaged in several transactions that appear to have been fraudulent. Defendants have not responded to present any evidence or opposition to that contention other than their counsel's statement in open court that defendants oppose that characterization of the transfers.

Second, I agree that plaintiffs have shown that no adequate remedy at law exists for them to obtain relief from defendants, and that they would suffer irreparable harm if the preliminary injunction were not granted. If defendants' existing assets are transferred or otherwise dissipated such that defendants become

7

further insolvent, plaintiffs will be unable to recover their judgment from defendants. I agree that since defendants represent they are insolvent and not conducting business, the potential harm to plaintiffs outweighs any potential harm to defendants in issuing the preliminary injunction. However, I do not agree that plaintiffs have shown they have no adequate remedy at law against the other individuals or entities, or that they would be irreparably harmed if the sought-after relief against these entities is not granted. Therefore, there is no basis to impose a preliminary injunction that would freeze these other entities' assets or impose additional reporting requirements on them.

Finally, plaintiffs have established that the injunction would not harm the public interest. Imposing a preliminary injunction on insolvent inactive companies such as defendants causes no harm to the public. For these reasons, I grant plaintiffs' motion for preliminary injunction as explained in the accompanying order.

IV.

Plaintiffs have also filed a motion to set aside fraudulent transfers made by defendants to Stevenson, Vanita Stevenson, Stevenson 37 West Partnership, Stevenson Realty & Investment, Moore, Employ America, and Encompass. As discussed above, plaintiffs have presented evidence that certain transfers made to Employ America, Charles Stevenson, Don Moore, and Encompass were fraudulent. Plaintiffs' motion references certain transfers made to Vanita Stevenson, Stevenson 37 West Partnership, and Stevenson

8

Realty & Investment, but it is not clear if these transfers are part of the enumerated transfers discussed above or are separate transfers; without any specific evidence that such transfers took place I cannot evaluate whether they were fraudulent.

I do find that the specific transfers of which plaintiffs have presented evidence are fraudulent. The Uniform Fraudulent Transfer Act, 740 ILL. COMP. STAT. 160/1 *et seq.*, allows a creditor to avoid transfers made with fraudulent intent in order to shield assets from creditors. *In re Mussa*, 215 B.R. 158, 167 (N.D. Ill. 1997). The Uniform Fraudulent Transfer Act sets out certain "badges of fraud;" a court may presume fraudulent intent if it finds a sufficient number of these badges. *Id.* at 167. These badges include (1) the transfer was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer was disclosed or concealed; (4) the debtor had been sued or threatened with suit before the transfer was made; (5) the transfer was of substantially all of the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred essential assets of the business to

9

a lienor who transferred the assets to an insider of the debtor. 740 ILL. COMP. STAT. 160/5(b).

In this case, the undisputed facts demonstrate that enough of these badges are present for me to presume fraud. The transfers were made to Stevenson, Moore, Employ America and Encompass. Stevenson is the president of Cebcor and Moore a shareholder, and Stevenson controls defendants, Employ America and Encompass. Plaintiffs contend that these transfers were concealed and were made after they entered into arbitration with defendants. These transfers were made shortly before defendants became insolvent.

For these reasons and in light of the undisputed facts I find that these transfers were fraudulent. I find that Stevenson, Moore, Employ America and Encompass are in possession of property of defendants. I have the authority in a supplementary proceeding to order third parties to return property belonging to the defendants. *See, e.g.*, *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 847 (7th Cir. 1999). Therefore I order Moore, Stevenson, Employ America and Encompass to return this property to defendants to be used to fund the judgment debt defendants owe plaintiffs.

V.

Plaintiffs also seek the appointment of a receiver and judicial dissolution of defendants. Although I have the equitable power to appoint a receiver to manage a defendants' assets during litigation, particularly in cases involving fraud and the possible dissipation of assets, *In re McGaughey*, 24 F.3d 904, 907 (7th Cir.

10

1994) (citations omitted), I find it is premature to award this relief. I have avoided certain transfers, and certain of those funds may be used to fund the judgment defendants owe plaintiffs. Those transfers include a $15,000 transfer as well as the conversion of a receivable, loan and promissory note valued in the aggregate in excess of the judgment against defendants.

Depending on the original terms of the receivable, loan and note, the avoidance of these transfers may not immediately provide defendants with liquid assets to satisfy the judgment. However, the accounting requirements I am imposing on defendants should they not satisfy the judgment within 28 days will assist in resolving these issues. Without further concrete information about the financial state of defendants, it is premature to appoint a receiver or order judicial dissolution. I therefore deny these motions without prejudice and with leave to re-file.

## VI.

For the above reasons, I deny defendants' motion to consolidate. I grant plaintiffs' motion to set aside fraudulent transfers, and also grant in part plaintiffs' motion for a preliminary injunction as set forth in the accompanying order. Plaintiffs' motions to appoint a receiver and for judicial dissolution are denied without prejudice and with leave to re-file. Charles Stevenson, Don Moore, Employ America, LLC and Encompass Financial Solutions, LLC, are ordered to return the transfers identified in this opinion to defendants within 21 days. If they

11

do not do so I will entertain further motions for discovery of these individuals and entities' assets.  If within 28 days of the entry of this order defendants have not satisfied the judgment to plaintiffs, defendants are ordered to make available to plaintiffs all corporate records, financial reports, ledgers, journals, balance sheets, tax returns, leases, contracts, deeds, trust documents, and bank records, and at that time I will consider any renewed motions for judicial dissolution or appointment of a receiver.

**ENTER ORDER:**

_____
  **Elaine E. Bucklo**
United States District Judge

Dated: August 31, 2007