IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| STAR INSURANCE COMPANY, a | ) | |
| Michigan Corporation, WILLIAMSBURG | ) | |
| NATIONAL INSURANCE COMPANY, a | ) | |
| California corporation, and AMERICAN | ) | Case No.: 06 C 1364 |
| INDEMNITY INSURANCE COMPANY, | ) | |
| LTD., a Bermuda corporation | ) | Judge Bucklo |
| | ) | |
| Plaintiffs, | ) | Magistrate Judge Nolan |
| | ) | |
| v. | ) | |
| | ) | |
| RISK MARKETING GROUP, INC., | ) | |
| an Illinois corporation, and | ) | |
| CEBCOR SERVICE CORPORATION, | ) | |
| an Illinois corporation | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR TURNOVER ORDERS
## AGAINST CHARLES E. STEVENSON AND DON A. MOORE

NOW COME Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY LTD., and pursuant to Federal Rules of Civil Procedure 7(b) and 69(a), and Illinois Supreme Court Rule 277 and Section 5/2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402), hereby moves this Court to an order transferring certain ownership interests of judgment debtors Charles E. Stevenson ("Stevenson") and Don A. Moore to plaintiffs in satisfaction of the judgment entered against Stevenson, on January 23, 2008, and in support thereof states as follows:

1.    On August 31, 2007, this Court held that judgment debtor Cebcor Service Corporation ("Cebcor") had fraudulently transferred "Officer Loan Receivables" due to Cebcor from Stevenson and Moore in the amount of $536,302.21.  This Court ordered Stevenson and Moore to return these amounts to Cebcor by September 21, 2007, and ordered Cebcor to use this transfer to satisfy plaintiffs' judgment by September 28, 2007.

2.      Stevenson and Moore never returned the fraudulently transferred Offer Loan Receivables to Cebcor.  Therefore, plaintiffs moved for judgment against Stevenson and Moore for the entire amount of plaintiffs' judgment against Cebcor as a sanction for Employ America, LLC's failure to comply with the Order of August 31, 2007.  This Court granted plaintiffs' motion and entered judgment against Stevenson and Moore on January 23, 2008.

3.      Thereafter, plaintiffs commenced citation to discover asset proceedings against Stevenson and Moore in order to satisfy the judgment.  During the court of the citation proceedings, plaintiffs discovered that Stevenson and Moore possess ownership interests in various business entities:

a.      Stevenson is a Limited Partner in Stevenson 37 West Partnership, LP, an Illinois Limited Partnership.  See Agreement of Limited Partnership, dated March 1, 1998, Article 9.1, p. 12 (attached as **Exhibit A**).

b.      Stevenson and Moore are members of EA1, LLC, an Illinois Limited Liability Company.  See EA1, LLC Operating Agreement, dated July 1, 2003, Exhibit A (attached as **Exhibit B**).

c.      Moore is a member of EATC Management, LLC, a Delaware Limited Liability Company.  Stevenson is the manager of EATC Management.  See EATC Management, LLC, Operating Agreement, dated June 29, 2005, Schedule 1 (attached as **Exhibit C**).

d.      Moore is also a member of Employ America, LLC, Encompass Financial Solutions, LLC, and TPG Partners, LLC, n/k/a CSC Partners, LLC, all Illinois Limited Liability Companies.  See Don A. Moore 2007 Federal Income Tax Return, Schedule E, Line 28 (attached as **Exhibit D**).

4.      All of the foregoing ownership interests may be used to satisfy plaintiffs' judgment against Stevenson and Moore.

5.      Under the Illinois Limited Liability Company Act, on application by a judgment creditor of a member, a court may charge the distributional interest of the judgment debtor to satisfy the judgment.  The court may also make all other orders, directions, accounts, and inquiries the judgment debtor might have made or which the circumstances may require to give effect to the charging order.  805 ILCS 180/30-20(a).  The Delaware Limited Liability Company Act is to the same effect.  D. Ch. § 18-703(a).

6.      Similarly, the Illinois Uniform Limited Partnership Act provides that on application by any judgment creditor of a partner, the court may charge the transferable interest of the judgment debtor with payment of the unsatisfied amount of the judgment with interest. The court may also make all other orders, directions, accounts, and inquiries the judgment debtor might have made or which the circumstances of the case may require to give effect to the charging order.  805 ILCS 215/703.

7.      Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, govern the procedure for collection of judgments via a citation to discover assets. Section 2-1402(c) (1) provides that when assets of a judgment debtor are discovered, a court may by appropriate order or judgment:

> Compel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his or her possession or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed.

8.      At this time, plaintiffs' ask this Court to enter an Order transferring and assigning the following ownership interests of Stevenson and Moore to plaintiffs:

      a.      Stevenson's partnership interest in Stevenson 37 West Partnership;

      b.      Stevenson and Moore's membership interests in EA1, LLC;

      c.      Moore's membership interest in EATC Management, LLC; and

d.    Moore's membership interests in Employ America, LLC, Encompass Financial Solutions, LLC, and TPG Partners, LLC, n/k/a CSC Partners, LLC.

*See Samuels v. Wilder*, 1989 WL 117949 (N.D. Ill. Sept. 28, 1989).

9.    Plaintiffs further request the following relief in conjunction with the Order requiring turnover of Stevenson and Moore's ownership interest:

a.    That Stevenson and Moore identify any other business entities of any kind in which they have an ownership interest;

b.    That Stevenson 37 West Partnership, EATC Management, LLC, EA1, LLC, Employ America, LLC, Encompass Financial Solutions, LLC and TPG Partners, LLC n/k/a CSC Partners, LLC, make all business and financial records (written and electronic) available to plaintiffs for inspection; and

c.    That Stevenson and Moore be enjoined from selling, conveying, assigning, or otherwise transferring any or all of their membership or partnership interests except as this Court may order.

WHEREFORE, based upon the forgoing, Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., respectfully request that this Honorable Court enter the requested turnover orders and additional relief against judgment debtors Charles E. Stevenson and Don A. Moore.

**Dated:  January 26, 2009**                    Respectfully submitted,


                                    s/ John P. McCorry
                                    One of Plaintiffs' Attorneys

John P. McCorry (#6280573)
McVey & Parsky, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
312-551-2130
312-551-2131 (facsimile)
jpm@mcveyparsky-law.com