IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STAR INSURANCE COMPANY, a Michigan Corporation, WILLIAMSBURG NATIONAL INSURANCE COMPANY, a California corporation, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., a Bermuda corporation<br><br>     Plaintiffs,<br><br> v.<br><br>RISK MARKETING GROUP, INC., an Illinois corporation, and CEBCOR SERVICE CORPORATION, an Illinois corporation<br><br>     Defendants. | )<br>)<br>)<br>) Case No.: 06 C 1364<br>)<br>) Judge Bucklo<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR TURNOVER ORDER
AGAINST BANK OF AMERICA, N.A.**

NOW COME Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY LTD., and pursuant to Federal Rules of Civil Procedure 7(b) and 69(a), Illinois Supreme Court Rule 277 and Section 5/2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402), hereby move this Court to enter an order requiring citation respondent Bank of America, N.A., to turn over funds belonging to Don A. Moore in satisfaction of the judgment entered against Moore on January 23, 2008, and in support thereof state as follows:

  1.  On August 31, 2007, this Court held that judgment debtor Cebcor Service Corporation ("Cebcor") had fraudulently transferred $536,302.21 in "Officer Loan Receivables" owed by Moore and Charles E. Stevenson to Cebcor. This Court ordered Moore and Stevenson to return this transfer to Cebcor by September 21, 2007, and ordered Cebcor to use this transfer to satisfy plaintiffs' judgment by September 28, 2007.

2.      Moore and Stevenosn never returned the fraudulently transferred Officer Loan Receivables to Cebcor.  Therefore, plaintiffs moved for judgment against Moore and Stevenson for the entire amount of plaintiffs' judgment against Cebcor as a sanction for Moore and Stevenson's failure to comply with the Order of August 31, 2007.  This Court granted plaintiffs' motion and entered judgment against Moore and Stevenson on January 23, 2008.

3.      Thereafter, on May 27, 2008, the Clerk of the District Court issued a citation to discover assets directed to Bank of America, N.A., seeking discovery of any assets of Moore that Bank of America might be holding that could be used to satisfy the judgment of January 23, 2008.  The citation to discover assets was served on Bank of America on or about May 28, 2008.  A copy of the citation to discover assets and the certified mail receipt are attached as **Exhibit A**.

4.      On or about June 9, 2008, Citibank responded to the citation to discover assets and identified various accounts in Don Moore's name.  After conversations with Mr. Moore's attorney, it was determined that Bank of America was holding money in two accounts that belonged to Mr. Moore that could be used to satisfy plaintiffs' judgment: a checking account in the amount of $5,233.71, and a certificate of deposit of $45,501.52. A copy of Bank of America's answer to the citation is attached as **Exhibit B**.

5.      Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277 govern the procedure for collection of judgments via a citation to discover assets. Section 2-1402(c) (3) provides that when assets of a judgment debtor are discovered, a court may by appropriate order or judgment:

> Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

6.	In this case, Bank of America is currently holding $50,735.23 that belongs to Moore.  This amount is available to satisfy plaintiffs' judgment against Moore.  This Court has the power to order Bank of America to pay this amount directly to plaintiffs in satisfaction of their judgment against Moore.

7.	Therefore, at this time, plaintiffs' ask this Court to enter an Order requiring Bank of America to pay to plaintiffs the $50,735.23 that Bank of America is currently holding for Moore within twenty-one (21) days of the issuance of said Order.

WHEREFORE, Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., respectfully request that this Honorable Court grant Plaintiffs motion for turnover order against Bank of America, N.A., in the amount of $50,735.23, and for any and all further relief this Court deems necessary and appropriate.

**Dated:  February 2, 2009**                                           Respectfully submitted,

                                                                                       s/ John P. McCorry
                                                                                       One of Plaintiffs' Attorneys

John P. McCorry (#6280573)
McVey & Parsky, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
312-551-2130
312-551-2131 (facsimile)
jpm@mcveyparsky-law.com