IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STAR INSURANCE COMPANY, a Michigan Corporation, WILLIAMSBURG NATIONAL INSURANCE COMPANY, a California corporation, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., a Bermuda corporation<br><br>Plaintiffs,<br><br>v.<br><br>RISK MARKETING GROUP, INC., an Illinois corporation, and CEBCOR SERVICE CORPORATION, an Illinois corporation<br><br>Defendants.<br><br>CHARLES E. STEVENSON,<br>Judgment debtor | Case No.: 06 C 1364<br><br>Judge Bucklo |

**PLAINTIFFS' MOTION FOR TURNOVER ORDER
AGAINST STEVENSON REALTY & INVESTMENTS, INC.**

NOW COME Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY LTD., and pursuant to Federal Rules of Civil Procedure 7(b) and 69(a), Illinois Supreme Court Rule 277 and Section 5/2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402), hereby move this Court to enter an order requiring citation respondent Stevenson Realty & Investments, Inc., to turn over funds belonging to Charles E. Stevenson, in satisfaction of the judgment entered against Stevenson on January 23, 2008, and in support thereof state as follows:

1.     On August 31, 2007, this Court held that judgment debtor Cebcor Service Corporation ("Cebcor") had fraudulently transferred $536,302.21 in "Officer Loan Receivables" owed by Stevenson and Don A. Moore to Cebcor. This Court ordered Stevenson and Moore to

return this transfer to Cebcor by September 21, 2007, and ordered Cebcor to use this transfer to satisfy plaintiffs' judgment by September 28, 2007.

2. Stevenson and Moore never returned the fraudulently transferred Officer Loan Receivables to Cebcor. Therefore, plaintiffs moved for judgment against Stevenson and Moore for the entire amount of plaintiffs' judgment against Cebcor as a sanction for Stevenson and Moore's failure to comply with the Order of August 31, 2007. This Court granted plaintiffs' motion and entered judgment against Stevenson and Moore on January 23, 2008.

3. Thereafter, on April 4, 2008, the Clerk of the District Court issued a citation to discover assets directed to Stevenson Realty & Investments, Inc., seeking discovery of any assets of Stevenson that Stevenson Realty might be holding that could be used to satisfy the judgment of January 23, 2008. The citation to discover assets was served on Stevenson Realty's registered agent on April 12, 2008. A copy of the citation to discover assets and the affidavit of service are attached as **Exhibit A**.

4. On June 18, 2008, Cecilia Stevenson Thornton, the President of Stevenson Realty, appeared for a deposition in response to the citation to discover assets. According to Ms. Thornton, Stevenson Realty is the owner of an apartment building located at 651-57 E. 81st Street in Chicago, Cook County, Illinois.

5. During her deposition, Ms. Thornton confirmed that as of the date of her deposition, she and Stevenson were the two owners of Stevenson Realty. According to Ms. Thornton, she and Stevenson were at one time 50/50 owners of Stevenson Realty. However, on or about March 15, 2006, Stevenson Realty loaned Stevenson $108,000. When Mr. Stevenson was unable to repay this loan, Stevenson Realty converted this loan into a sale of a portion of Mr. Stevenson's ownership interest in Stevenson Realty on or about September 30, 2007.

6. After September 30, 2007, Stevenson's remaining ownership interest in Stevenson Realty was $34,500. Stevenson's ownership interest in Stevenson Realty continued to be $34,500 on April 12, 2008, the date that Stevenson Realty was served with the third-party citation to discover assets.

7. According to Ms. Thornton, she was in the process of purchasing Stevenson's remaining interest in Stevenson Realty at the time of her deposition. Ms. Thornton and her attorney agreed that Stevenson Realty would complete the transaction with Stevenson but would not deliver any of the funds due to him.

8. Section 2-1402 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1402) and Illinois Supreme Court Rule 277, govern the procedure for collection of judgments via a citation to discover assets. Section 2-1402(c) (3) provides that when assets of a judgment debtor are discovered, a court may by appropriate order or judgment:

> Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement. A judgment creditor may recover a corporate judgment debtor's property on behalf of the judgment debtor for use of the judgment creditor by filing an appropriate petition within the citation proceedings.

9. In this case, Stevenson Realty is currently holding $34,500 that belongs to Stevenson. This amount is available to satisfy plaintiffs' judgment against Stevenson. This Court has the power to order Stevenson Realty to pay this amount directly to plaintiffs in satisfaction of their judgment against Stevenson.

10. Therefore, at this time, plaintiffs' ask this Court to enter an Order requiring Stevenson Realty to pay to plaintiffs the $34,500 that it is currently holding.

WHEREFORE, Plaintiffs, STAR INSURANCE COMPANY, WILLIAMSBURG NATIONAL INSURANCE COMPANY, and AMERICAN INDEMNITY INSURANCE COMPANY, LTD., respectfully request that this Honorable Court grant Plaintiffs motion for turnover order against Stevenson Realty & Investments, Inc., in the amount of $34,500, and for any and all further relief this Court deems necessary and appropriate.

**Dated: April 3, 2009**                                Respectfully submitted,


                                                        s/ John P. McCorry
                                                        One of Plaintiffs' Attorneys

John P. McCorry (#6280573)
McVey & Parsky, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
312-551-2130
312-551-2131 (facsimile)
jpm@mcveyparsky-law.com

4