ARDC No. 0199273

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STAR INSURANCE COMPANY, *et al.*,      ) | |
| ) | |
| ) | |
| Plaintiffs,      ) | |
| v.      ) | No.  06 C 1364 |
| ) | |
| RISK MARKETING GROUP, INC., *et al.*,      ) | Judge Bucklo |
| ) | |
| Defendants.      ) | |

**RESPONSE OF STEVENSON REALTY & INVESTMENTS, INC.,
TO PLAINTIFFS' MOTION OR A TURNOVER ORDER**

Citation-respondent STEVENSON REALTY & INVESTMENTS, INC., by its attorney, Donald L. Bertelle, responds to the plaintiffs' motion for a turnover order as follows:

1.     Cecelia Stevenson-Thornton is the sister of Charles Stevenson and is married to Luther Thornton. (Transcript of June 18, 2008, Citation Hearing, pp. 3-5; Affidavit of Cecelia Stevenson-Thornton ¶1).

2.     In about 1990, Cecelia and Charles, acting as Stevenson Realty, acquired the real property improved with a 12 unit building then commonly known as 653 East 81st Street, Chicago, through an assignment of the beneficial interest in and to the trust agreement dated July 6, 1966, and then known as Chicago Title and Trust Company Trust No. 49577. (Tr. 15-17; Affidavit ¶2).

3.     Thereafter, Cecelia became the sole beneficiary of the land trust and was, at all times mentioned in the plaintiffs' motion, the sole beneficiary of the land trust now

known as Chicago Trust Company Trust No. 49577, which continues to hold legal title to the property now commonly known as 8100 S. Langley Avenue, Chicago. (Tr. 16; Affidavit ¶3).

    4.     On January 6, 1998, Stevenson Realty & Investments, Inc. (hereinafter "Stevenson Realty") was incorporated; Cecelia has always been the president and treasurer of the corporation, and Charles the secretary; at the outset, they were 50/50 owners of the company. (Tr. 11, 12, 25; Affidavit ¶4).

    5.     On March 15, 2006, Stevenson Realty loaned Charles $108,000.00, which was never repaid; at about that time, Charles also borrowed $49,000.00 from their mother, which Cecelia later agreed to repay. (Tr. 22-23, 24; Affidavit ¶5).

    6.     On September 30, 2007, in consideration of both loans, Cecelia and Charles agreed that his interest in Stevenson Realty would be reduced to 10 % and Cecelia would pay him $34,000.00 for his remaining interest upon a refinancing of the property. (Tr. 21, 24-25; Affidavit ¶6).

    7.     Although she had not yet been able to refinance the property, Cecelia paid Charles $3,500.00 on January 19, 2008. (Tr. 27; Affidavit ¶7).

    8.     On January 23, 2008, judgment herein was entered against Charles.

    9.     The citation attached to the plaintiffs' motion as Exhibit A was served on Stevenson Realty's registered agent on April 12, 2008. (Motion ¶3).

    10.    In May of 2008, Cecelia was told by her brother that his son might not be allowed to graduate from Latin School because he had not paid the school's bill of $23,000.00; Cecelia volunteered to loan Charles the $23,000.00 to pay the school bill to assure that Chaz would graduate. (Tr. 38; Affidavit ¶8).

11. Last summer, water started leaking through the masonry walls of the building on the property to the extent that water was seeping into the mail boxes of the various tenants. (Affidavit ¶9).

12. On July 28, 2008, Cecelia refinanced the property in order to provide funds for the tuck pointing of the masonry walls of the building in order to address the water seepage problem and also to provide the funds for the repayment to their mother of the money Charles had borrow from her; Cecelia personally guaranteed the new loan, which was disbursed on August 13, 2008; copies of the loan papers are attached to Ms. Thornton's affidavit. (Affidavit ¶10).

13. The tuck pointing, which was necessary to save the building, cost $47,670.00; copies of the contract and the checks used to pay that expense are attached to Ms. Thornton's affidavit. (Affidavit ¶11).

14. Since then, Ms. Thornton has received notice of a municipal code violation pertaining to the back wooden porch to the building and has obtained an estimate of $23,600.00 for that repair, a copy of which is attached to her affidavit. (Affidavit ¶12).

15. Ms. Thornton is the sole shareholder of Stevenson Realty & Investments, Inc., and is also the sole beneficiary of Chicago Trust Company Trust No. 49577, which continues to hold legal title to the property. (Affidavit ¶13).

16. As a consequence of the foregoing, Charles Stevenson, the judgment debtor herein, would not in an action at law or in chancery be able to recover anything from Stevenson Realty & Investment, Inc., in specie or by judgment for the proceeds of value thereof as for conversion or embezzlement under section 1402(c)(3) of the Illinois Civil Practice Law. 735 ILCS 5/2-1402(c)(3). Ms. Thornton has acquired her brother's 10%

interest in the company as follows: $3,500.00 on January 19, 2008; $23,000.00 in May of 2008; $4,670.00 (1/10th of the cost of tuck pointing) and $2,360.00 (1/10th cost of porch repair).

                                                Respectfully submitted,

                                                s/Donald L. Bertelle
                                                Attorney for Citation-respondent,
                                                        Cecelia Stevenson-Thornton

DONALD L. BERTELLE
11 South LaSalle Street – Suite 1000
Chicago IL 60603
(312) 201-8885

## PROOF OF SERVICE

Undersigned counsel certifies that on May 8, 2009**,** he served copies of this response and the Affidavit of Cecelia Stevenson-Thornton on the judgment-creditor's attorney, John P. McCorry, McVey & Parsky LLC, 30 North LaSalle Street, Suite 2100, Chicago, by delivering them to his office.

                                                s/Donald L. Bertelle
                                                DONALD L. BERTELLE